**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Christopher Lamar Victoria, | ) | Civil Action No.: 8:21-cv-01836-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Scott Bodiford, Jail Administrator, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

Petitioner, a self-represented state pre-trial detainee, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 1915. (ECF No. 1 at 1.) This matter is before the court for review of Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("Report") filed on June 25, 2021, recommending the Petition be dismissed without prejudice and without requiring Respondent to file a return. (ECF No. 8 at 7.) The Report concludes release without bail, and setting or reinstating bond for various charges, as requested by Petitioner, is not attainable through federal habeas corpus because they are pending criminal matters in state court. (*Id.* at 5-7.) For the reasons set forth below, the court **ACCEPTS** the Report and **DISMISSES** Petitioner's Petition with prejudice and without requiring Respondents to file a return.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 8 at 1-5.) As brief background, Petitioner is a pretrial detainee at the Greenville County Detention Center. (*Id.* at 1.) He asserts the following grounds for habeas relief: (1) the State has failed to indict him on the charges for which he is being detained,

(ECF No. 1 at 6), (2) the State has not afforded him an extradition hearing and continues to hold him without bail on a fugitive from justice warrant (*Id*.), (3) the State has not held a preliminary hearing, and he is detained without probable cause (*Id*.), and (4) the State has not afforded him bond hearings for subsequent charges, depriving him of due process under the Fourteenth Amendment (*Id*. at 7). Petitioner requests the court "reinstate the revoked bond, set bond for the fugitive from justice warrant pending an extradition hearing, and release him without bail on all charges for which no preliminary hearing has been held or indictment filed." (ECF No. 8 at 3.) Because a ruling in Petitioner's favor would call into question the validity of the state court proceedings and because Petitioner can raise his federal constitutional rights in the ongoing state court proceedings, the Magistrate Judge recommended Petitioner's Petition be dismissed without prejudice under *Younger v. Harris*, 401 U.S. 37 (1971). (ECF No. 8 at 5-7.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147,

2

1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

Petitioner argues the Magistrate Judge improperly concluded Petitioner has adequate remedies at law and will not suffer irreparable injury if denied equitable relief. (ECF No. 11 at 1.) Petitioner emphasizes he made numerous attempts to raise his federal constitutional rights in the state court proceedings but contends the State has failed to consider these claims. (*Id.* at 1-2.) Petitioner claims each day of continued detention violates his rights under the federal Constitution and causes him to suffer irreparable injury. Petitioner argues "when an alleged deprivation of constitutional rights is involved, . . . no further showing of irreparable injury is [necessary]." (*Id.* at 2) (quoting *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984). Petitioner agrees his requested relief will "call into question the validity of the state[] court proceeding[s]." (*Id.* at 2.) Ultimately, Petitioner asks where he can turn for relief from these alleged deprivations of his constitutional rights.

Under *Younger* and its progeny, the answer is clear: Petitioner's remedy lies within the ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires a federal court to abstain from interfering in pending state court proceedings "except in the most narrow and extraordinary set of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir.

1996). Abstention is appropriate when (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceeding." *Martin Marietta Corp. v. Md. Comm'n on Hum. Rels.*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). When these factors are met, abstention is mandatory. *See, e.g., Google, Inc. v. Hood*, 822 F.3d 212 (5th Cir. 2016); *Canatella v. California*, 404 F.3d 1106 (9th Cir. 2005). What lies behind *Younger* is the premise that state courts are capable of adequately protecting constitutional rights. *See Ohio Bureau of Emp. Servs. v. Hodory*, 431 U.S. 471, 479–80 (1977) (explaining the *Younger* line of cases is "designed to allow the State an opportunity to set its own house in order when the federal issue is already before a state tribunal.") (internal marks omitted).

In this case, the requirements of the three-factor test are easily met. Petitioner himself acknowledges the existence of ongoing state criminal proceedings against him (ECF No. 1 at 1.) The proceedings against Petitioner implicate "important state interests," because they involve the State's ability to exercise its police power and enforce its criminal laws in its own courts. *See Younger,* 401 U.S. at 46-50 (establishing the *Younger* doctrine in the context of state criminal proceedings); *Middlesex Cnty. Ethics Comm'n* 457 U.S. at 432 (recognizing state criminal proceedings are prototypical state enforcement actions because they are "necessary for the vindication of important state policies or for the functioning of the state judicial system."). Finally, there is an adequate opportunity for Petitioner to raise his constitutional claims in the state proceedings. Federal courts should assume state court procedures will adequately protect federal claims in the "absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Rather than evaluating whether the state courts credited Petitioner's federal constitutional claims, a federal court should merely consider whether the state procedures allow

the federal issues to be presented. *Moore v. Sims*, 442 U.S. 415, 425–26 (1979). The Supreme Court has held "abstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims." *Id.* (emphasis added); *see also Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.") (internal citations and marks omitted). Here, Petitioner presents no evidence of South Carolina state courts' inhospitability to federal constitutional claims. Petitioner claims "no action has [been] taken by the State to correct its own errors" (ECF No. 11 at 1-2), but this is not a sufficient ground to overcome the weighty considerations behind *Younger*. *Younger*, 401 U.S. at 46. If Petitioner has the opportunity to raise his constitutional arguments within the state court proceedings and appeal adverse determinations within the state court system, this court is bound by *Younger* to abstain from granting Petitioner the relief he requests. *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding when it is "abundantly clear that appellees had an opportunity to present their federal claims in the state proceedings, [n]o more is required to invoke *Younger* abstention.").

Petitioner objects that he is suffering irreparable injury by being held without due process. Petitioner cites the Second Circuit's holding in *Mitchell v. Cuomo* finding "when an alleged deprivation of constitutional rights is involved, no showing of irreparable injury is needed." (ECF No. 11 at 2.) But in light of the unique and important policies behind it, *Younger* itself recognizes even "irreparable injury" alone is insufficient to overcome abstention. *Younger*, 401 U.S. at 46. Instead, the injury must be "both great and immediate." *Id.* (internal citations omitted). In particular, "the cost, anxiety, and inconvenience of having to defend against a single criminal

5

prosecution" is not considered "'irreparable' in the special legal sense of that term." *Id. Younger* emphasizes "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* Even if the underlying state criminal prosecution is unconstitutional, unauthorized, or unlawful, "federal injunctions against state criminal prosecutions . . . are not to be granted," at least while the state proceedings are ongoing. *Id.* Petitioner's remedy therefore lies in appealing his constitutional claims through the state court system and, if needed, seeking *certiorari* from the Supreme Court of the United States. The court thus overrules Petitioner's objection. Moreover, the court finds no clear error on the face of the record. Therefore, Petitioner's claims are dismissed.

In *Nivens v. Gilchrist*, the Fourth Circuit held "when a district court abstains from a case based on *Younger*, it should typically dismiss the case with prejudice; not on the merits." *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006). This court has no discretion to "ever reach the merits of Petitioner's claim" based on *Younger*. *Id.* (emphasis added). The court thus dismisses Petitioner's claims with prejudice pursuant to the *Younger* abstention doctrine.

## IV. CONCLUSION

Based upon the reasons herein, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8) and incorporates it herein by reference, with the clarification that Petitioner's claim is dismissed with prejudice. For the reasons set forth here and in the Magistrate Judge's Report and Recommendation (ECF No. 8), Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** with prejudice and without requiring Respondents to file a return.

### Certificate of Appealability

The law governing certificates of appealability provides that:

    (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
    (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

    **IT IS SO ORDERED.**

                *J. Michelle Childs*

              United States District Judge

August 20, 2021
Columbia, South Carolina